Date signed July 27, 2011



PAUL MANNES
U. S. BANKRUPTCY JUDGE

### UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| Heritage Land, LLC | : | Case No. 10-36934PM |
| | : | Chapter 7 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| IN RE: | : | |
| | : | |
| Good Luck Condominiums, LLC | : | Case No. 10-36929PM |
| | : | Chapter 7 |
| Debtor | : | |
| | : | Jointly Administered Under |
| | : | Case No. 10-36934 |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

### MEMORANDUM OF DECISION

This case came before the court on July 19, 2011, on the Application for Compensation and Reimbursement of Expenses (the "Application") filed by Marc A. Ominsky and Chaifetz & Coyle, PC ("The Firm"). The Application seeks an allowance of $12,510.00 for work done on behalf of both Debtors in these jointly administered cases that were originally filed under Chapter 11 and converted on Debtors' motion to cases under Chapter 7 by order entered February 10, 2011. While no opposition to the Application was filed by either the Chapter 7

Trustee or the Office of the United States Trustee,[1] this court has the power and the duty to review all fee applications, notwithstanding the absence of objections. *See In re Courtois*, 222 B.R. 491 (BC Md. 1998); *In re Busy Beaver Bldg. Centers, Inc.* 19 F.3d 833, 840-41 (CA3 1994); *In re Garrison Liquors, Inc*., 108 B.R.561, 565 (BC Md. 1989).

No one advanced the position that the Firm did not in fact spend the time said to be devoted to this case. In addition, the Application excludes time spent by the Firm's paralegals in representation of the Debtors. However, as noted in the Motion to Vacate Order Authorizing Employment of Counsel filed by Virginia Commerce Bank that was granted by this court following a hearing on January 25, 2011, the Firm, in addition to representing Debtors, was also representing Thomas A. Norris and Elizabeth Norris, the holders of the majority of the unsecured claims against the Debtors' estates, in state court actions. The Firm sought to vacate a confessed judgment in excess of $5 million against various entities entered in an action entitled *Virginia Commerce Bank v. Riverdale Woods, LLC, et al.*, Case No. 339464-V in the Circuit Court for Montgomery County, Maryland, as well as a confessed judgment in the approximate sum of $2 million in an action entitled *Virginia Commerce Bank v, Good Luck Condominiums, LLC, et al.,* Case No. 339463-V, also in the Circuit Court for Montgomery County, Maryland.

> 11 U.S.C. § 327(a) provides as follows:
>
> (a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

As explained in the recent case of *In re JMK Construction Group, Ltd.*, 441 B.R. 222, 229-30 (BC S.D.N.Y. 2010):

> "To be retained under section 327(a), professionals must be both disinterested and not hold or represent any interest adverse to the estate. *Vouzianas v. Ready & Pontisakos* (*In re Vouzianas*), 259 F.3d 103, 107 (2d Cir.2001) (citing *Bank Brussels Lambert v. Coan* (*In re AroChem Corp*.), 176 F.3d 610, 621 (2d Cir.1999)); *see also In re Project Orange Assocs*., LLC, 431 B.R. 363, 369 (Bankr. S.D.N.Y.2010).

---

[1]For reasons that are not apparent other than possible negligence, the Firm served the Baltimore office of the United States Trustee, rather than the Greenbelt office that has the responsibility for this case, with notice of the hearing on the Application.

The structure of the Bankruptcy Code distills these dual requirements into a single test for analysis of a conflict of interest. Bankruptcy Code § 101(14) defines disinterested persons. Under section 101(14)(C) a disinterested person is one who "does not have an interest materially adverse to the interest of the estate or of any class of creditors" for any reason. 11 U.S.C. § 101(14)(C). This definition overlaps with the adverse interest requirement of section 327(a), creating a single test for courts to employ when examining conflicts of interest. *Hogil Pharm. Corp. v. Sapir* (*In re Innomed Labs, LLC*), No. 07 Civ. 4778(WCC), 2008 WL 276490, at *2 (S.D.N.Y. Jan.29, 2008) (citing *WorldCom*, 311 B.R. at 164). A professional must not "hold or represent an interest adverse to the estate." *See AroChem*, 176 F.3d at 622–23 (observing that the "adverse interest" language appears in section 327(a) and in the definitions in section 101 regarding disinterested persons and articulating the relevant test as whether an entity "holds or represent[s] an interest adverse to the estate"); *Innomed Labs*, 2008 WL 276490, at *2 (same); *see also In re Granite Partners, L.P.*, 219 B.R. 22, 33 (Bankr. S.D.N.Y.1998) (observing that "the two prongs of section 327(a) are duplicative and form a single test to judge conflicts of interest") (internal citation omitted).

The Second Circuit has defined "hold or represent an adverse interest" as

(1) to possess or assert any economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant; or (2) to possess a predisposition under circumstances that render such a bias against the estate.

*AroChem*, 176 F.3d at 623 (*quoting In re Roberts*, 46 B.R. 815, 827 (Bankr. D.Utah 1985), *aff'd in part and rev'd in part on other grounds*, 75 B.R. 402 (D.Utah 1987)). The test is not retrospective; courts only examine present interests when determining whether a party has an adverse interest. *AroChem*, 176 F.3d at 623–24 (observing that Congress intended only to proscribe those who presently have an adverse interest from representing a debtor under § 327(a)). Generally stated, the adverse interest test is objective and precludes "any interest or relationship, however slight, that would even faintly color the independence and impartial attitude required by the Code and Bankruptcy Rules." *Granite Partners*, 219 B.R. at 33; *see also In re Angelika Films 57th, Inc.*, 227 B.R. 29, 38 (Bankr. S.D.N.Y.1998) ( "The determination of adverse interest is objective and is concerned with the appearance of impropriety.") (citation omitted). Further, courts have recognized that a professional has a disabling conflict if it has "either a meaningful incentive to act contrary to the best interests of the estate and its sundry creditors—an incentive sufficient to place those parties at more than acceptable risk—or the reasonable perception of one." *Granite Partners*, 219 B.R. at 33 (quoting *In re Martin*, 817 F.2d 175, 180 (1st Cir.1987)). Thus, disqualification is appropriate "if it is plausible that the representation of another interest may cause the debtor's attorney to act any differently than they would without other representation." *In re Leslie Fay Cos.*, 175 B.R. 525, 533 (Bankr. S.D.N.Y.1994).

The court is left with the inescapable conclusion that there was an actual conflict of interest between the Norrises on the one hand and the Debtors on the other that could not be waived. Here, the Firm bore the burden of this conflict of interest from day one of the bankruptcy case. In the circumstances presented, because of the existing conflict of interests, the Firm could not be appointed as attorneys for the Debtors' estates. 11 U.S.C. § 330(a) mandates that compensation may be awarded to appointed professionals. However, inasmuch as the court vacated the Order Authorizing Employment of Counsel, the Firm is not entitled to compensation from either Debtor's bankruptcy estate. *See Matter of Grabill Corp.*, 983 F.2d 773 (CA7 1993).

An appropriate order will be entered.


cc:     Marc A. Ominsky, Chaifetz & Coyle, PC, 7164 Columbia Gateway Drive, #205,
            Columbia, MD 21046
        Debtors
        U.S. Trustee
        Chapter 7 Trustee

**End of Memorandum of Decision**